# ATTACHMENT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 10-cr-0067 (WMW) |
| ) | |
| TERRY J. ALBURY, ) | |
| ) | |
| Defendant. ) | |

DECLARATION OF E. W. PRIESTAP:

I, E. W. Priestap, under penalty of perjury pursuant to 28 U.S.C. § 1746, do hereby declare as follows:

1. I am a Special Agent in the FBI, currently serving as an Assistant Director in the FBI Counterintelligence Division, with duty at FBI Headquarters, located in Washington, DC. I became an Assistant Director of the FBI's Counterintelligence Division on January 24, 2016. In this capacity, I manage the FBI's counterintelligence program, including all national security operations and investigations run by the FBI related to counterintelligence matters. I also serve as an Original Classification Authority for FBI information, enabling me to classify and declassify FBI information as appropriate, while maintaining oversight over the FBI's use of classified information.

2. Apart from my current assignment, I previously worked a wide range of national security matters throughout my career for the FBI, including a tour with the FBI's intelligence program. These experiences include conducting FBI investigations, operations, and prosecutions in support of the overall FBI national security program. While serving in national security

positions at the FBI, both at the working and management levels, I developed familiarity and knowledge regarding the development and handling of classified U.S. Government national security information, including how such information is obtained, classified, stored, and protected. As an original classification authority and through my work on national security cases, including counterespionage matters, I also have received training and developed experience in the potential and actual damage caused by the unauthorized disclosures of such U.S. Government information to unauthorized parties.

## I.   BACKGROUND

3.   I am submitting this declaration in connection with sentencing in United States v. Albury, 18-cr-67 (D. MN) to provide additional detail with respect to the classified national defense and other information disclosed and impermissibly retained by the defendant. The matters stated herein are based on my personal knowledge, my review and consideration of documents and information available to me in my official capacity, and information furnished to me by employees of the FBI. My conclusions have been reached in accordance therewith.

4.   The President of the United States, through the authority vested in him by the Constitution and the laws of the United States, has prescribed procedures governing access to classified information. Specifically, through Executive Orders issued by the President, a uniform system of classifying, safeguarding, and declassifying national security information has been created. See Exec. Order No. 13526 (formerly Exec. Order No. 12958, 60 Fed. Reg. 19825 (April 17, 1995), as amended by Exec. Order No. 13292, 68 Fed Reg. 15315 (March 25, 2003)); see also Exec. Order 12968, 60 Fed. Reg. 40, 245 (Aug. 2, 1995) (establishing a uniform Federal personnel security program for employees who will be considered for access to classified information).

5. In my capacity as the Assistant Director of the FBI's Counterintelligence Division, I have been delegated original classification authority by the Attorney General of the United States. See Executive Order 13526, Section 1.3 (c). As a result, and pursuant to all applicable Executive Orders, I am responsible for the protection of classified information within the Counterintelligence Division, including the sources, methods, and techniques used by the FBI in the collection of that information. Thus, I have been authorized, pursuant to the responsibilities and obligations as defined in Executive Orders and through the delegation from the Attorney General, to execute declarations and other affidavits in order to protect such classified information.

6. The conduct of national security investigations, and the collection, production, and dissemination of intelligence to support counterintelligence, counterterrorism, and other U.S. national security objectives, require the FBI to collect, analyze, and disseminate information eligible for classification under Executive Order 13526.

7. The decision of whether certain sources, methods, techniques, and information remain properly classified is based on a variety of factors and considerations that are weighed by officials, such as myself, who have been delegated original classification authority. In weighing these factors, some of which are subtle and complex, I assess whether the disclosure of information, at any given time, may lead to an unacceptable risk of compromising the FBI's ongoing intelligence-gathering process with respect to a particular investigation or investigations, and whether it may lead to an unacceptable risk of compromising certain investigative sources, methods, or techniques. In addition, certain intelligence information could reasonably be expected to have international and diplomatic consequences if revealed. At times, I must make a determination as to whether certain information should be declassified or otherwise disseminated to make an arrest or obtain a criminal conviction, in order to have a disruptive effect on terrorist

groups, foreign intelligence officers and their activities. Those determinations require a calculus of whether the risk to the national security at any given point is, on balance, an acceptable one.

## II. PROTECTION OF CLASSIFIED FBI SOURCES AND METHODS

8. Disclosure of classified information allows terrorists, foreign intelligence services, and other foreign government actors to learn about the FBI's investigative methods, as well as its ability (and inability) to gather and analyze information that is critical to our national security. Such disclosures have the potential to reveal FBI sources and methods, to include: interest in and identities of certain potential investigative targets, disinterest in other potential investigative targets, status of pending investigations, techniques used during an undercover operation, techniques that could be used to sabotage an undercover operation, identities of undercover employees and agents, and operational decision-making. Criminal prosecutions provide unique challenges because people involved in terrorist or intelligence operations and activities may gain insight into classified sources and methods, which, in turn, may allow them to thwart the FBI's ability to learn what they are doing. Moreover, unauthorized disclosures can also negatively affect the FBI's working relationships with foreign and domestic entities, further hampering the FBI's abilities to fulfill its national security mission.

9. In total, the damage wrought by such disclosures increase the total cost and effort expended by the United States Government to protect overall national security. I am aware that certain of the information the defendant took from the FBI and disclosed was ultimately published on the Internet, which may erode the FBI's ability to collaborate with various public and private entities in conducting counterterrorism and intelligence operations in support of U.S. national security. I assess that while the defendant's actions are irrevocable, the unauthorized disclosures will continue to impose an increased cost to FBI operations as the FBI works to adjust

to the changing operating environment. Consequently, the disclosure of certain classified information in this case would have serious national security consequences.

10.  The fact that Sentencing is a public proceeding makes it imperative that the U.S. Government seek to minimize any further disclosure relating to the sources and methods used by the FBI in national security investigations. Disclosure of classified information is unnecessary and poses an unacceptable risk to national security.

11.  The two documents referenced in Count One of the Information contain classified national defense information. The information contained within the document relating to assessing confidential human sources is classified at the SECRET level. By definition, information classified at the SECRET level is information "the unauthorized disclosure of which reasonably could be expected to cause serious damage to the national security that the original classification authority is able to identify or describe." Executive Order 13526, Section 1.2(2). Such a disclosure in this instance would reveal information about the use of FBI sources and methods.

12.  Specifically, it would reveal information concerning the FBI's human source program. Human sources are vital to the FBI's ability to detect, investigate, and neutralize national security threats. Often, human sources are capable of delivering information unavailable through other methods. Human sources constitute a unique and critical FBI capability that foreign intelligence services, foreign government actors, and terrorists typically view as a threat to their operations. It is my experience that our adversaries take great measures to identify and neutralize the FBI's human source program. Unauthorized disclosure of FBI practices relating to human source operations hampers the FBI's ability to protect said sources, who are clearly taking significant risks to support the national security of the United States. Therefore, the FBI's practices and procedures as they relate to human source operations in the national security realm are

classified at the "SECRET" level per authority granted under Executive Order 13526. Further, FBI classification guidelines related to human sources pertaining to national security matters are classified at the "SECRET" level even when that information does not allow a reasonable inference of any given source's identity.

13. The information in the second document in Count One relating to threats from a particular Middle Eastern country is also classified at the SECRET level, the unauthorized disclosure of this information would provide adversaries insights into FBI's investigative techniques, practices, and procedures. The revelation of these practices and procedures will assist such adversaries in identifying and designing countermeasures to FBI operations and consequently render FBI national security efforts more difficult.

14. The document referenced in Count Two of the Information, relating to an online recruitment platform used by a specific terrorist group, is also properly classified at the SECRET level. Unauthorized disclosure of the information contained in this document would clearly provide insights to an adversary to design countermeasures, including the use of different recruitment platforms, to seriously hamper the FBI's abilities to detect, investigate, and neutralize its activities. Simply put, release of this information would make U.S. citizens less safe.

15. I understand that additional documents were transmitted by the defendant to the media outlet, which ultimately published more than 25 FBI documents on the Internet, 16 of which were classified at the SECRET level and several of which also contained other government agency information. It is important to note that, in context, the disclosure of multiple documents may be more harmful than the release of one or two, irrespective of their classification.

16. Approximately 58 documents were recovered from the defendant's home. Of these, 35 were classified at the SECRET level and contained classified information from a variety of

government agencies and on a variety of topics, including counterintelligence, force protection and information collected pursuant to the Foreign Intelligence Surveillance Act of 1978 (FISA), §§ 50 U.S.C. 1801-1811, 1821-1829, that is classified at the SECRET level and must be protected from disclosure. The defendant had placed certain of these materials on a personal computing device that connects to the Internet, which creates additional concerns that the information has been or will be transmitted or acquired by individuals or groups not entitled to receive it. I have determined that the release of these additional SECRET documents could cause serious damage to the national security.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 28, 2018.

E. W. Priestap
Assistant Director
Counterintelligence Division
Federal Bureau of Investigation